Case 17-35566-KLP Doc 14 Filed 01/28/20 Entered 01/28/20 13:28:12 Desc Main Document Page 1 of 10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**DARLENE J. DAVIS,**

        **Appellant,**

v.                                                **Civil Action No. 3:19cv388**

**CARL BATES,** *Trustee,*

        **Appellee.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Appellant Darlene J. Davis's appeal from the August 30, 2018 and May 22, 2019 Orders of the Honorable Keith L. Phillips, U.S. Bankruptcy Court Judge, dismissing her Chapter 13 petition for failing to comply with the terms of the plan. (Bankr. Case No. 17-35566-KLP, ECF No. 6-1, 4). Appellee Carl Bates (the "Trustee") filed a Response Brief, (the "Appellee's Br.") (ECF No. 7), asserting that this Court should affirm the Bankruptcy Court's "Order of Dismissal entered August 30, 2018," and "the Bankruptcy Court's Order Denying the Motion to Reopen entered on May 6, 2019," because Davis did not timely file her notice of appeal and because it lacks merit. (Appellee's Br. 5, ECF No. 7.) Davis filed a reply (ECF No. 8),[1] and a letter (ECF No. 9) in opposition (the "Opposition"). The Trustee did not reply to the Opposition and the time to do so has expired.

---

[1] Because Davis filed her brief one day late (ECF No. 3), she submitted a request for an extension of time. (ECF No. 4.) Davis also filed her reply brief more than 14 days after service of the Trustee's brief, in violation of Fed. R. Bankr. P. 8018(a)(3) and did not request an extension for that late filing.

The Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a)(1).[2] For the reasons that follow, the Court will grant Davis's request for an extension of time to file her brief and dismiss Davis's appeal because she failed to timely file a notice of appeal, which divests this Court of jurisdiction.

## I. Background

This case relates to Davis's efforts to prevent the foreclosure of her home. Generally, Davis claims that she "was forced again into a Chapter 13 due to foreclosure fraud and fraudulent transfer." (App. Br. 2, ECF No. 3.) She submits that her mortgage was never in default and that she has been "slandered by having to have numerous Chapter 13 filings that have not been allowed to be resolved fairly via adversarial proceedings due to manipulation, deceptions, coverups and apparent bias in systems." (*Id.*)

Davis filed the underlying Chapter 13 bankruptcy case on November 7, 2017. (Record ("R.") 1, 12, ECF No. 6-3.) On May 18, 2018, the Bankruptcy Court confirmed her plan. (R. 101–02, 110, ECF No. 6-3.) On June 19, 2018, the Trustee moved to dismiss Davis's case for failure to make the required payments in accordance with the confirmed plan. (R. 6, ECF No. 6-3.)

On August 29, 2018, the Bankruptcy Court held a hearing on the motion to dismiss and granted the motion in a written order entered the following day. (R. 7, ECF No. 6-3.) On September 12, 2018, Davis filed a motion to vacate the August 30, 2018 Order dismissing her case. (R. 8, ECF No. 6-3.) On October 10, 2018, the Bankruptcy Court held a hearing regarding Davis's motion to vacate and denied the motion. (*Id.*) Neither party took any further action in

---

[2] "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157] . . . ." 28 U.S.C. § 158(a)(1).

the case, and, after the Trustee filed his final accounting, the Bankruptcy Court closed the case on December 6, 2018. (R. 9, ECF No. 6-3.)

Four months later, on March 5, 2019, Davis filed a second motion to vacate the August 30, 2018 Order dismissing her case. (*Id.*) The Bankruptcy Court Clerk's Office informed Davis that the Court would need to reopen her case before considering the new motion to vacate. On April 2, 2019, Davis moved to reopen her case. (*Id.*) On May 6, 2019, the Bankruptcy Court denied Davis's motion to reopen. (R. 10, ECF No. 6-3.)

On May 16, 2019, Davis filed an "Objection to Denial Orders (Objection to Order dated Aug. 30, 2018 and Objection to Order Dated May 6, 2019) and Notice of Appeal." (*Id.*) On May 22, 2019, the Bankruptcy Court denied in a memorandum order Davis's objection "insofar as it constitutes a motion for reconsideration under Bankruptcy Rules 9023 or 9024." (R. 120, ECF No. 6-3.) First, the Bankruptcy Court explained that, pursuant to Rule 9023, Davis did not timely file her objection. (R. 116, ECF No. 6-3.) Because Davis filed her objection "months after the entry of the August 30, 2018" Order, the Bankruptcy Court would not consider it in accordance with that rule. (*Id.*)

Second, the Bankruptcy Court found that while Rule 9024 provided a potential procedural avenue to consider Davis's late-filed objection, her objection did not meet the threshold requirements of that rule. (R. 117, ECF No. 6-3.) Rule 9024 "provides for a one-year period during which a party may request relief from an order." (R. 116, ECF No. 6-3.) The Bankruptcy Court explained that, to prevail under Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure, a movant must meet "four threshold requirements: '(i) the motion must be timely; (ii) the movant must have a meritorious defense to the action; (iii) the opposing party must not be unfairly prejudiced by having the judgment set aside; and (iv) exceptional circumstances must warrant the requested relief.'" (R. 117, ECF No. 6-3.)

3

(quoting *In re Alpha Nat. Res., Inc.*, 554 B.R. 787, 798 (Bankr. E.D. Va. 2016)). Construing Davis's objection as a request for relief pursuant to Rule 9024, the Bankruptcy Court found that reopening Davis's case would prejudice her creditors and that no meritorious defense or extraordinary circumstance existed to warrant granting her such relief. (R. 117, ECF No. 6-3.) As a result, the Bankruptcy Court denied Davis's motion and did not reopen her case.

Pursuant to the Bankruptcy Court's May 22, 2019 Order, the clerk docketed Davis's "Objection as a Notice of Appeal as of the date of the entry of this order." (R. 120, ECF No. 6-3.) On June 24, 2019, Davis filed her Opening Brief in this appeal, one day after the deadline to do so.[3] (ECF No. 3.) On June 25, 2019, Davis filed a request for extension of time to file her opening brief because traffic prevented her from reaching the Courthouse on time. (ECF No. 4.)

## II. Standard of Review

Because Davis proceeds *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint."

---

[3] "If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal--or the district court or BAP, after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4).

*Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted). The same principles of liberal construction apply to *pro se* litigants on appeal. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Nor should appellate courts permit those same fleeting references to preserve questions on appeal.").

Furthermore, federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court must, *sua sponte*, determine whether a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* Final orders of a bankruptcy court are appealable to a district court pursuant to 28 U.S.C. § 158(a)(1). The United States Court of Appeals for the Fourth Circuit has made clear that, in the bankruptcy context, "only a party who files a notice of appeal properly invokes the appellate jurisdiction of the district court." *Smith v. Dairymen*, Inc., 790 F.2d 1107, 1111 (4th Cir. 1986).

When evaluating a bankruptcy appeal, the court should determine, as a threshold matter, whether the appellant has timely filed the notice of appeal. *Reig v. Wells Fargo Bank, N.A.*, No. PWG-12-3518, 2013 WL 3280035 at *1 (D. Md. Jun. 26, 2013). Failing to timely file a notice of appeal divests the district court of jurisdiction. *See* Fed. R. Bankr. P. 8002; *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Chien v. Commonw. Biotechnologies, Inc.*, 484 B.R. 659, 663 (E.D. Va. 2012) (If a prospective appellant fails to timely file his or her notice of appeal, "the District Court is stripped of its jurisdiction to hear the appeal.").

Bankruptcy Rule 8002(a) establishes a 14-day period to appeal bankruptcy court orders. *See* Fed. R. Bankr. P. 8002(a)(1). Pursuant to Bankruptcy Rule 8002(b)(1), however, certain

5

motions will toll the appeal period if timely filed. *See* Fed. R. Bankr. P. 8002(b)(1). Relevant

here, a motion may toll the appeal period when "a party files in the bankruptcy court [certain

postjudgment] motions and does so *within the time allowed by these rules*, [then] the time to file

an appeal runs for all parties from the entry of the order disposing of the last such remaining

motion." Fed. R. Bankr. P. 8002(b)(1) (emphasis added).

Rule 8002(b)(1)(D) further specifies that motions for "relief under 9024 [only extends the

appeal period] if the motion is filed *within 14 days after the judgment is entered*." Fed. R.

Bankr. P. 8002(b)(1)(D) (emphasis added).[4] Thus, "[t]o be timely for purposes of Bankruptcy

Rule 8002(b), a motion to alter the judgment under Bankruptcy Rule 9023, or a motion for relief

from judgment under Bankruptcy Rule 9024, must be filed within 14 days after the bankruptcy

court entered the judgment." *Asociacion de Titulares de Condominio Castillo*, 581 B.R. 346,

354 (B.A.P. 1st Cir. 2018) (citing Fed. R. Bankr. P. 8002(b), 9023, 9024).

The Advisory Committee Notes to this Rule make clear that

> A motion made after the time allowed by the Bankruptcy Rules will not qualify as
> a motion that, under Rule 8002(b)(1), re-starts the appeal time—and that fact is
> not altered by, for example, a court order that sets a due date that is later than
> permitted by the Bankruptcy Rules, another party's consent or failure to object to
> the motion's lateness, or the court's disposition of the motion without explicit
> reliance on untimeliness.

Fed. R. Bankr. P. 8002 advisory committee's note to 2018 amendment. Accordingly, courts

must examine the timeliness of the appeal considering any underlying postjudgment motions and

the applicable rules.

---

[4] This mirrors the language used in the Federal Rules of Appellate Procedure. *See
generally* 16A Charles Alan Wright & Arthur R. Miller et al., Fed. Prac. & Proc. Juris., Civil
Cases—Effect of Postjudgment Motions, § 3950.4 (5th ed. 2019) ("it is now clear that a Rule
60(b) motion [for reconsideration] made within the time limit stated in Rule 4(a)(4)(A)(vi) tolls
the appeal time"). As the Fourth Circuit has explained, "[a]ppellants who file a motion for
reconsideration within 28 days following the district court's entry of judgment may wait to file
their notice of appeal until after the disposition of the Rule 60 motion, because the timely filing
of the Rule 60 motion tolls the time for filing an appeal." *In re GNC Corp.*, 789 F.3d 505, 512
(4th Cir. 2015) (citing Fed. R. App. P. 4(a)(4)(A)(vi) & (B)).

### III. Analysis

Davis seeks to appeal orders that the Bankruptcy Court entered on August 30, 2018 and May 22, 2019.[5] Because Davis failed to timely appeal and provides no grounds to overturn the Bankruptcy Court's orders, her appeal must be dismissed.

To the extent Davis seeks to appeal the Bankruptcy Court's August 30, 2018 Order, this Court lacks jurisdiction because Davis did not timely file her notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002 or otherwise toll the appeal period. The Bankruptcy Court entered the Dismissal Order on August 30, 2018. Thus, the appeal period for that order was set to expire on Thursday, September 13, 2018.[6] Fed. R. Bankr. P. 8002(a)(1). Davis's motion to vacate the August 30, 2018 Order, which she filed on September 12, 2018, tolled the appeal period until the Bankruptcy Court resolved that motion on October 10, 2018. Davis did not appeal the Bankruptcy Court's October 10, 2018 denial of her motion to vacate and the Bankruptcy Court then closed the underlying case in December. As a result, the 14-day appeal period had expired in October 2018.

---

[5] While the Court chooses not to dismiss her appeal on procedural grounds, Davis's Brief does not conform with the requirements of Rule 8014. Fed. R. Bankr. P. 8014(a). Among other things, her brief does not include a jurisdictional statement, nor does it indicate "the filing dates establishing the timeliness of the appeal." Fed. R. Bankr. P. 8014(a)(4)(C). Additionally, the transmittal letter from the Bankruptcy Court indicates that Davis has not paid the required filing fee for this appeal. (ECF No. 1-1.)

When a party appeals a judgment, order, or decree of a bankruptcy court, she must file a notice of appeal that "(A) conform[s] substantially to the appropriate Official Form; (B) [is] accompanied by the judgment, order, or decree, or the part of it, being appealed; and (C) [is] accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3). "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

[6] The 14-day period includes every day after the one triggering the period, including intermediate Saturdays, Sundays, and legal holidays. Fed. R. Bank. P. 9006(a).

The Court must also consider, however, whether Davis's subsequent postjudgment motions tolled the appeal period.[7] In accordance with Rule 8002(b)(1)(D), Davis's May 16, 2019 objection, liberally construed as a postjudgment motion for relief pursuant to Rule 9024, does not toll the appeal period because she did not file the motion "within 14 days after" the Bankruptcy Court entered judgment. Fed. R. Bankr. P. 8002(b)(1)(D); *see also U.S. Dep't of Agric. v. Sexton*, 529 B.R. 667, 675 (W.D. Va. 2015) (appellant did not file a timely appeal because even if the motion to reopen could have tolled the time to notice an appeal, the appellant "would still have been too late because it did not file its motion to reopen until May 12—42 days after entry of the April 1 order and 26 days after the closing of the adversary proceeding."). Davis did not file her Notice of Appeal until May 2019, five months after the Bankruptcy Court clerk closed her case on December 6, 2018, seven months after the Bankruptcy Court denied her motion to vacate in its October 10, 2018 Order, and nine months after the Bankruptcy Court dismissed her case in its August 30, 2018 Order.

To the extent Davis seeks to appeal the Bankruptcy Court's May 22, 2019 Order denying her motion to reopen, this Court similarly lacks jurisdiction because Davis did not file her objection, which the Bankruptcy Court liberally construed as a motion brought pursuant to Rule 9024, in accordance with the time limits prescribed in Rule 8002(b)(1)(D). Davis filed her

---

[7] As a general matter, a party may not use Rule 8002(b) to indefinitely toll the appeals clock by filing postjudgment motion after postjudgment motion. *See In re Colomba*, 257 B.R. 368, 370 (B.A.P. 1st Cir. 2001) (applying rule in bankruptcy context); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 14 (1st Cir. 1997) (collecting cases); *Wages v. I.R.S.*, 915 F.2d 1230, 1234 n.3 (9th Cir. 1990). As such, a second motion for relief from or reconsideration of the same judgment will not reset the appeals clock. *In re Brewster*, 243 B.R. 51, 56 (9th Cir. 1999); *see also In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995).

The conclusion may be different, however, if the court amends the underlying judgment. *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 701 (9th Cir. 1984). If the court amends the judgment, a second postjudgment motion may toll the appeals clock if the change in the amended judgment was "material" as opposed to merely the correction of a "true clerical error." *Geophysical Corp.*, 732 F.2d at 701 (internal quotation marks and citations omitted). But such tolling does not apply here because the Bankruptcy Court did not amend its judgment.

objection and notice of appeal on May 16, 2019, well after the fourteen-day appeal period had

expired in October 2018. While litigants may generally appeal the denial of a Rule 60 motions,

*see Asociacion de Titulares de Condominio Castillo*, 581 B.R. at 354 ("A bankruptcy court order

denying a motion to alter a judgment under Rule 59(e) or to set aside a judgment under Rule

60(b) is a final order 'if the underlying order is final and together the orders end the litigation on

the merits.'"), the entry of the May 22, 2019 Order did not restart the 14-day appeal period from

the Bankruptcy Court's August 30, 2018 ruling.

Even assuming that this Court could exercise jurisdiction over the Bankruptcy Court's

May 22, 2019 Order denying Davis's request to reopen her case, the Court finds no grounds for

reversing the Bankruptcy Court's well-reasoned memorandum order. "This Court reviews the

Bankruptcy Court's denial of the Rule 60(b) motion for abuse of discretion." *Fuentes v.*

*Stackhouse*, 182 B.R. 438, 442 (E.D. Va. 1995). Here, the Bankruptcy Court explained why

Davis's objection, liberally construed, failed to meet the threshold requirements of Rule 9024.

Davis "presented no manifest error of law or newly discovered evidence at the time of the May

2019 order denying the motion to reopen [Davis's] case." (R. 119, ECF No. 6-3.) The

Bankruptcy Court stated that Davis merely sought a "do-over" of her case, which Rules 9023 and

9024 do not permit. (*Id.*)

In any event, the Court has thoroughly read Davis's brief, response, letter, and the

pleadings underlying this appeal, and sees no error in the Bankruptcy Court's rulings.[8]

Although Davis mentions many issues in her brief regarding various cases that she has brought

---

[8] To the extent this Court has jurisdiction over the Bankruptcy Court's standalone May
22, 2019 Order denying Davis's objection, the Court affirms that ruling because the Bankruptcy
Court did not abuse its discretion when denying Davis relief.

before this Court at different times,[9] she does not explain on appeal how her late-filed objection

met the threshold requirements for Rule 9024 relief or how the Bankruptcy Court erred in

dismissing the underlying case that produces the issues on appeal here. Davis, for example,

claims that she has "been left without justice as it pertains to the Comcast matter where I should

have been awarded millions (at least) by now," but this Court cannot upend final decisions

reached in other cases. (App. Br. 12, ECF No. 3.) In sum, Davis's appeal lacks merit.

## IV. Conclusion

For the foregoing reasons, the Court will grant Davis's request for an extension of time

(ECF No. 4) and dismiss the appeal for lack of jurisdiction.

An appropriate order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: January 27, 2020
Richmond, Virginia

---

[9] The Court takes judicial notice of the many efforts Davis has undertaken, albeit unsuccessfully, to prevent the foreclosure of her home, and acknowledges that preclusion issues arise among these many cases and the instant appeal. *See generally Davis v. Comcast Corp., Inc.*, 667 F. App'x 32 (4th Cir. 2016) (affirming consolidated appeals); *Davis v. Comcast Corp.*, 611 F. App'x 156, 157 (4th Cir. 2015); *Davis v. Commonwealth Trustees, LLC*, No. 3:19-CV-554-HEH, 2019 WL 6179223, at *1 (E.D. Va. Nov. 20, 2019); *Davis v. Specialized Loan Servicing LLC*, No. 3:17-CV-787, 2018 WL 3352647, at *8 (E.D. Va. July 9, 2018); *In re Darlene Davis*, E.D. Va. Bankr 19-30056-KRH; *see also Davis v. Comcast Corp., Inc.*, No. 1:13-CV-1513, 2014 WL 12663202, at *2 (E.D. Va. July 1, 2014) (Title VII claims referenced in Davis's Brief).